THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SABRINA LIVAI,                          :
                                        :
            Plaintiff,                   :
                                        :
     V.                                 :    3:16-CV- 2379
                                        :    (JUDGE MARIANI)
NANCY BERRYHILL,[1]                     :
ACTING COMMISSIONER OF                  :
SOCIAL SECURITY,                        :
                                        :
            Defendant.                   :

## ORDER

**AND NOW, THIS 8TH DAY OF JUNE, 2018**, upon *de novo* review of Magistrate

Judge Mehalchick's Report & Recommendation, (Doc. 19), Plaintiff's Objections thereto,

(Doc. 20), and all other supporting and opposing briefs and documentation, **IT IS HEREBY**

**ORDERED THAT:**

1. The Report & Recommendation ("R&R"), (Doc. 19), is **ADOPTED**, for the reasons

    discussed therein.

2. Plaintiff's Objections, (Doc. 20), are **OVERRULED**. Plaintiff's first objection is

    simply a reiteration of the arguments raised in Plaintiff's brief. The R&R addresses

    each of these arguments, including the application of SSR 02-1p. (Doc. 19 at 7-

    10).

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Commissioner Nancy A. Berryhill is automatically substituted as the named defendant in place of former Acting Commissioner Carolyn W. Colvin.

Plaintiff's four part second objection is also without merit. Plaintiff first contends that "SSR 06-03p requires consideration of the factors set forth in 20 C.F.R. § 404.1527(d)." (Doc. 20 at 3). SSR 06-03p states "[a]lthough the factors in 20 CFR 404.1527(d) and 416.927(d) explicitly apply only to the evaluation of medical opinions from 'acceptable medical sources,' these same factors *can* be applied to opinion evidence from 'other sources.'" SSR 06-03p (emphasis added). The R&R correctly noted that this language is permissive. Second, Plaintiff fails to cite any authority to support her argument that the Magistrate Judge erred when she concluded that the ALJ did not commit a reversible error by failing to articulate the application of the factors contained in 20 C.F.R. § 416.927(c). Third, the R&R correctly noted that the ALJ permissibly found that CRNP Garverick's opinion was inconsistent with the objective medical evidence in the record. Finally, the R&R correctly noted that under SSR 96-5p the ALJ did not need to re-contact Garverick because the ALJ expressed no confusion about Garverick's opinion.

Plaintiff's third objection is similarly in four parts. The first three parts merely express disagreement with the conclusions the ALJ drew from the evidence. These are not valid bases for reversing the Commissioner's decision because, as the R&R correctly noted, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Bynum v. Colvin*, 198 F. Supp. 3d 434, 437 (E.D. Pa. 2016)

(alteration in original) (quoting *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966)). Further, these objections improperly take issue with pieces of the ALJ's analysis while failing to consider the ALJ's opinion as a whole. *See Schuster v. Astrue*, 879 F. Supp. 2d 461, 466 (E.D. Pa. 2012). As to the fourth part of the objection, contrary to Plaintiff's assertion, the R&R addressed Plaintiff's contention that the ALJ did not conduct a proper pain analysis. (Doc. 19 at 20-24).

3. Plaintiff's Appeal is **DENIED**.

4. The Commissioner's decision is **AFFIRMED**.

5. The Clerk of Court is directed to **CLOSE** this case.

Robert D. Mariani
United States District Judge

3